UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

| | |
|---|---|
| RONALD E. MAINS & | Case No.: HL 09-10240 |
| SANDRA A. MAINS, | Chapter 13 |
| | Hon. Jeffrey R. Hughes |
| Debtors. | Filed: August 28, 2009 |

_____//

### TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN AND IN THE ALTERNATIVE DISMISSAL

**NOW COMES** Barbara P. Foley, Chapter 13 Trustee, by and through her Attorney, Manish Joshi, and for her *Objection to Confirmation of Debtors' Chapter 13 Plan and in the Alternative Dismissal* states as follows:

1. On August 28, 2009, Ronald E. and Sandra A. Mains ("Debtors") filed a Petition for relief under Chapter 7 of the Bankruptcy Code. The case was converted to one under Chapter 13 on July 28, 2010, by an order of the Court.

2. The Debtors' Chapter 13 Plan ("Plan"), as amended, proposes payments of $324.00 per month. The applicable commitment period is 3 years. General unsecured creditors are to receive a pro rata share of a base of $36.00 or the applicable commitment period, whichever is greater. The Trustee estimates the Plan will yield a dividend of $1,231.94, or 3.54%, for general unsecured creditors over 36 months.

3. The Trustee objects to confirmation of the Plan on the basis of 11 U.S.C. §1325(a)(3) and *In re: McGillis*, 370 B.R. 720 (Bankr. W.D. Mich., 2007) because it appears to not have been proposed in good faith. The debtors propose to pay less than all projected disposable income, as required by 11 U.S.C. §1325(b)(1)(B), in a plan that pays less than 100% to creditors. According to the amended Schedule J filed on September 21, 2010, the debtors have monthly disposable income of $1,339.30 per month. The Chapter 13 Plan was amended that day to reduce plan payments to $324.00 per month. The debtors appear to have at least $1,015.30 per month of additional disposable income which they have not committed to the Plan. If Plan payments were to equal disposable income of $1,339.30 per month, the debtors would be able to give their creditors a 100% dividend and complete the plan within 36 months.

4. The debtors have failed to make payments according to the Plan. Since converting their case to one under Chapter 13, two payments have come due. The Trustee received a payment of $406.00 on September 21, 2010. Plan arrears total $1,731.00.

5. The Trustee objects to confirmation of the Plan because the debtors have failed to provide information and documents requested by the Trustee, contrary to 11 U.S.C. §521(a)(4). The Trustee has requested, but has yet to receive:

   a. Documentation to support the claimed monthly transportation expense of $600.00.
   b. A detailed business budget for the debtors' business instead of a single line item of $521.00 on Schedule J.
   c. Proof of the claimed home maintenance expenses of $300.00 per month.
   d. Proof of the charitable contributions claimed on Schedule J.

6. The debtors' Statement of Financial Affairs, Plan, and schedules of assets and liabilities are incomplete or inaccurate.

   a. The debtors have not completed sections 1 and 2 in the Statement of Financial Affairs.
   b. The attorney fees claimed in the Plan and the Rule 2016 Disclosure of Attorney's Fees doesn't match the amount given in the Statement of Financial Affairs.
   c. The debtors have not amended Form 22C following conversion of the case to Chapter 13.

7. The Plan fails to meet the confirmation standards of 11 U.S.C. §1325 for the reasons set forth above.

**WHEREFORE** your Trustee respectfully prays:

    A. That this Court deny confirmation; and

    B. That in the alternative dismiss the Plan pursuant to 11 U.S.C. §1307; and

    C. That this Court grant such other relief as is just and equitable.

BARBARA P. FOLEY
CHAPTER 13 TRUSTEE

September 27, 2010        By:  /s/ Manish Joshi
                                  Manish Joshi (P72160)
                                  Attorney for Trustee

Prepared by:  Manish Joshi
                415 W. Michigan Ave.
                Kalamazoo, MI 49007
                (269) 343.0305
                mjoshi@chpt13.com